IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| STATE FARM LIFE INSURANCE COMPANY,<br><br>       Plaintiff,<br><br>vs.<br><br>ABIGAIL ROGERS; JOSEPH KIMPSON; WILFRED ROGERS; PALMER MEMORIAL CHAPEL, INC.; and AMERICAN FUNERAL FINANCIAL, LLC;<br><br>       Defendants. | Case No. 3:20-cv-02627-MGL<br><br>**INTERPLEADER COMPLAINT** |

  State Farm Life Insurance Company ("State Farm") states the following as its Complaint for interpleader, pursuant to Rule 22 of the Federal Rules of Civil Procedure and 28 U.S.C. 1335, 1397, and 2361.

## **PARTIES**

  1. State Farm is a life insurance company incorporated in the State of Illinois with its principal place of business in Illinois.

  2. Abigail Rogers, upon information and belief, resides in Richland County, South Carolina.

  3. Joseph Kimpson, upon information and belief, resides in Richland County, South Carolina.

  4. Wilfred Rogers, upon information and belief, resides in Richland County, South Carolina.

5. Palmer Memorial Chapel, Inc., is upon information and belief, a South Carolina Corporation with its principal place of business in Columbia, South Carolina.

6. American Funeral Financial, LLC, is upon information and belief, a South Carolina Limited Liability Company with its principal place of business in Columbia, South Carolina.

## JURISDICTION

7. There is complete diversity between the parties pursuant to 28 U.S.C. 1332, as the Plaintiff and the Defendants are citizens of different states. The amount in controversy exceeds the sum of $75,000, as discussed below.

8. The Court also has subject matter jurisdiction over this case as there is minimal diversity of citizenship between the claimant defendants, the amount in controversy exceeds $500.00, and the action has been brought in the judicial district in which one or more of the claimants reside, all pursuant to 28 U.S.C 1335(a) and 1397.

9. Venue is proper in the United States District Court for the District of South Carolina, Columbia Division.

## FACTS

10. State Farm issued a life insurance policy to Shellie Garrett Rogers-Kimpson, insuring her own life, effective March 26, 1990, with the policy number LF-1075-3020 in the amount of $50,000.00 (a copy of which is attached as **Exhibit A**). The cash value of the policy, plus interest and premiums over time, have accrued a cash value of over $100,000.00. The original primary beneficiaries were Abigail Rogers and Wilfred Rogers.

11. On June 26, 1991, Shellie Garrett Rogers-Kimpson submitted a change of beneficiary form, changing the primary beneficiary to her second husband, Joseph Kimpson, and naming her children, Abigail Rogers and Wilfred Rogers, as secondary beneficiaries. (**Exhibit A**).

12. On May 19, 2020, Joseph Kimpson entered into an assignment of proceeds of insurance with American Funeral Financial, LLC, for services rendered by Palmer Memorial Chapel, Inc., and purported to assign $14,475.94 in proceeds from the subject policy to American Funeral Financial, LLC. (The assignment is attached as **Exhibit B**).

## CAUSE OF ACTION FOR INTERPLEADER

13. Shellie Garrett Rogers-Kimpson died on or about May 14, 2020.

14. Joseph Kimpson claims entitlement to the subject life insurance proceeds; however, Abigail Rogers and Wilfred Rogers are contesting the mental state of Shellie Garrett Rogers-Kimpson and claim that they (Abigail and Wilfred Rogers) are entitled to the proceeds.

15. Based upon the facts set forth above and the potential conflicting claims of the defendants, State Farm is in doubt as to which defendant or defendants are entitled to payment of the proceeds due under the policy because of the death of Shellie Garrett Rogers-Kimpson. State Farm is or may be exposed to double or multiple liability.

16. State Farm admits its liability for the amounts held in the account of approximately $100,314.64, including all applicable lawful interest, which amount State Farm is and always has been ready, able and willing to pay to the person or persons who may be lawfully entitled to receive it.

17. With the filing of this interpleader complaint, State Farm seeks leave of the court to deposit with the registry of the court the account balance sought by the claimants.

WHEREFORE, State Farm prays for judgment as follows:

    a. That the Defendants be required to interplead and settle between themselves their rights to the money due under the Policy;

    b. That State Farm be discharged from all liability under the Policy;

    c. That State Farm be dismissed from this action with prejudice;

d. That State Farm be awarded the costs and attorneys' fees associated with the filing of this action.

e. Any further relief that the Court deems just and proper.

NELSON MULLINS RILEY & SCARBOROUGH LLP

By: s/ CORY PATTERSON
Robert Whelan
Federal Bar No. 9242
E-Mail: robert.whelan@nelsonmullins.com
151 Meeting Street / Sixth Floor
Post Office Box 1806 (29402-1806)
Charleston, SC  29401-2239
Phone: (843) 853-5200

Cory Patterson
Federal Bar No. 12255
E-Mail: cory.patterson@nelsonmullins.com
One Wells Fargo Center, 23rd Floor
301 South College Street
Charlotte, North Carolina, 28202
Phone: (704) 417-3154

*Counsel for State Farm Life Insurance Company*

Charleston, South Carolina

July 15, 2020

4814-5080-0067 v.1 CBP